# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 55 Dare Lane, Pottstown, PA  19465

Address of Defendant: One Montgomery Plaza, Suite 800, 8th Floor, Norristown, PA 19404

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed R Civ P 7 1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE. IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A  *Federal Question Cases:*
1  ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2  ☐ FELA
3  ☐ Jones Act-Personal Injury
4  ☐ Antitrust
5  ☐ Patent
6  ☐ Labor-Management Relations
7  ☐ Civil Rights
8  ☐ Habeas Corpus
9  ☐ Securities Act(s) Cases
10 ☐ Social Security Review Cases
11 ☒ All other Federal Question Cases  Violation of FMLA
(Please specify)

B  *Diversity Jurisdiction Cases:*
1  ☐ Insurance Contract and Other Contracts
2  ☐ Airplane Personal Injury
3  ☐ Assault, Defamation
4  ☐ Marine Personal Injury
5  ☐ Motor Vehicle Personal Injury
6  ☐ Other Personal Injury (Please specify)
7  ☐ Products Liability
8  ☐ Products Liability — Asbestos
9  ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Edward C. Sweeney, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought

DATE: 4/12/12   _Edward Sweeney_   64565
Attorney-at-Law   Attorney I D #

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/12/12   _Edward Sweeney_   64565
Attorney-at-Law   Attorney I D #

CIV 609 (6/08)

JS 44   (Rev 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court   This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AMY MEDLEY | COUNTY OF MONTGOMERY |

**(b)** County of Residence of First Listed Plaintiff  **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward C. Sweeney, Esquire  610-594-1600
Wusinich, Brogan & Stanzione
537 W. Uwchlan Ave., Suite 200, Downingtown, PA
19335

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1  Original Proceeding | ☐ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district *(specify)* | ☐ 6  Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §2601, et seq.
Brief description of cause:
Defendant violated the FMLA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____  DOCKET NUMBER _____

DATE  4/12/12

SIGNATURE OF ATTORNEY OF RECORD
*Edward C. Sweeney*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY MEDLEY | : | CIVIL ACTION |
| 55 Dare Lane | : | |
| Pottstown, PA 19465 | : | |
| | : | |
| Plaintiff | : | NO. |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF MONTGOMERY | : | |
| c/o Montgomery County Commissioners | : | |
| One Montgomery Plaza | : | JURY TRIAL DEMANDED |
| Suite 800, 8th Floor | : | |
| Norristown, PA 19404 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction of this case under 28 U.S.C. §1331

because it involves the Family and Medical Leave Act of 1993, 107 Stat. 6, 29 U.S.C. §2601, *et. seq.*

2.      Venue is proper in the Eastern District of Pennsylvania because at the time of the

incidents in question, Plaintiff lived in Chester County, the incidents in question occurred in

Montgomery County, Defendant employed Plaintiff in Montgomery County, and the U.S. Supreme

Court has ruled that a state notwithstanding its immunity can be liable to its employees for FMLA

damages. *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 123 S.Ct. 1972 (2003)

1

## PARTIES

3.    Plaintiff is Amy Medley, a resident of Chester County, Pennsylvania who presently lives at 55 Dare Lane, Pottstown, PA 19465.

4.    Defendant is County of Montgomery, a municipal governmental entity and/or public corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania and maintains a business address c/o Montgomery County Commissioners, One Montgomery Plaza, Suite 800, 8th Floor, Norristown, PA 19404.

## FACTUAL BACKGROUND

5.    Defendant employed Plaintiff as a nursing assistant who earned $13.62 per hour.

6.    Plaintiff's son, Anthony, has health conditions that qualify or would normally be considered to be covered as a serious health condition under the FMLA, including Asperger's Syndrome, developmental delay, and anxiety disorder.

7.    Plaintiff requested intermittent leave under the FMLA because of Anthony's conditions.

8.    Defendant employed at least 50 employees within a 75 mile radius of where Plaintiff worked.

9.    Plaintiff had worked less than 1,250 hours of service credited during the twelve-month period immediately preceding the commencement of her FMLA, but notwithstanding, she was given to believe she had coverage under the FMLA, the County of Montgomery having a more liberal policy of family care leave that allowed full-time employees who complete three months of continuous service to be eligible for leave.

2

10.     Defendant's official(s) told Plaintiff that she was qualified for and covered by intermittent Family and Medical Leave (hereafter "FMLA").

11.     Defendant had Plaintiff execute various County of Montgomery FMLA forms that confirmed her entitlement to FMLA or would convince a reasonable person of FMLA eligibility.

12.     Plaintiff was given official County of Montgomery policies that said she was eligible for "family care" leave of absence after continuous employment of three months.

13.     Plaintiff started to be written up for FMLA intermittent leave absences.

14.     On 4/19/11, Plaintiff spoke to H.R. official Beverly Jackson about a grievance she wanted to file for being written up for her intermittent FMLA absences.

15.     Ms. Jackson tried to dissuade Plaintiff from filing a grievance and said 'nothing was going to be done to her,' but Plaintiff said she wanted to go ahead anyway and Ms. Jackson indicated they would meet again the following week to fill out the paperwork.

16.     On 4/20/11, the very next day, Plaintiff was terminated.

17.     Plaintiff was told she was fired because of FMLA leave she exercised on 4/17/11.

18.     No one told Plaintiff at any time previous to 4/20/11 that she was not eligible for FMLA leave.

19.     Plaintiff was approved for FMLA leave and was not designated a "key" employee.

20.     Defendant violated the FMLA by interfering  with Plaintiff's leave by giving her incorrect information about her leave eligibility under County policy and the FMLA.

21.     Plaintiff earned $13.62 per hour, worked 40 hours a week or more with Defendant, and received benefits.

3

22.     Defendant without good faith and without reasonable grounds for believing that it did not violate the FMLA took adverse actions against Plaintiff, including termination, retaliating against her by giving her "points" for absence, and retaliating against her when it found out she might file a formal leave-related grievance.

23.     The Plaintiff seeks, and the FMLA affords, appropriate remedies to an eligible employee if an employer has violated the FMLA, including but not limited to (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless the employer's violation was in good faith and the employer had reasonable grounds for believing the employer did not violate the Act; and (3) equitable relief such as employment, reinstatement or promotion.

24.     An employer found in violation of the FMLA must pay to the employee a reasonable attorney's fee, the employee's expert witness fees, and other costs of the action.

25.     Plaintiff has sustained lost wages, lost benefits, and other privileges of employment as well as having suffered pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures and other non-pecuniary losses under relevant law as a result of Defendant's conduct.

26.     The County of Montgomery has established more generous leave policies applicable to Plaintiff that interfered with her rights under the FMLA.

27.     The County of Montgomery retaliated against Plaintiff for indicating she was going to file a grievance for violation of the Montgomery County leave policy.

28.     Defendant made various oral and written representations and should be estopped from asserting that Plaintiff qualified for FMLA leave.

4

29.     Plaintiff would have modified her conduct and dealt with her son's condition, other than taking the leave, if she had known that her employer would count as adverse incidents her intermittent taking of leave, and thus, detrimentally relied on employer's representations.

30.     Defendant, by and through is managers, officials, and employees, by acts or representation intentionally or through culpable negligence induced Plaintiff to believe that certain facts existed regarding her right to FMLA leave or leave that would not be counted against her and she justifiably relied and acted upon such belief, so that she will be prejudiced if the Defendant is permitted to deny the existence of such facts.

## COUNT I

### PLAINTIFF AMY MEDLEY
### vs.
### DEFENDANT COUNTY OF MONTGOMERY

### INTERFERENCE WITH EMPLOYEE'S ABILITY TO
### MEANINGFULLY EXERCISE HER RIGHT TO LEAVE

31.     Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32.     Any violation of the FMLA or the FMLA regulations constitute interfering with, restraining or denying the exercise of rights provided by the FMLA and violate 29 U.S.C. §2615(a)(1).

33.     Defendant interfered with, restrained or denied the exercise of Plaintiff's FMLA rights by misleading Plaintiff as to her rights to FMLA or family leave for the care of her son, Anthony, including but not limited to her eligibility for FMLA or family leave.

34.     Plaintiff was harassed in various ways in her effort to take leave and file a grievance when she was written up for taking approved leave and retaliated against for raising a grievance.

35.    Plaintiff suffered prejudice.

36.    Plaintiff suffered damages as a result of Defendant's conduct, including lost compensation and benefits and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement.

37.    Defendant's conduct was not in good faith.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation; (2) an amount of liquidated damages unless the employer's violation was in good faith and the employer had reasonable grounds for believing the employer did not violate the Act; (3) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures and other non-pecuniary losses under relevant law; (4) equitable relief such as employment, reinstatement or promotion; (5) a reasonable attorney's fee; (6) the employee's expert witness fee, if any; (7) reinstatement to her former position (with all back benefits she would have been entitled to); (8) other costs of the action; and (9) interest.

## COUNT II

### PLAINTIFF AMY MEDLEY
### vs.
### DEFENDANT COUNTY OF MONTGOMERY

### DISCRIMINATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

38.    Plaintiff incorporates paragraphs 1 through 37 herein by reference.

39.    Under the FMLA, an "eligible employee" is an employee of a covered employer who (1) has been employed by the employer for at least 12 months; (2) has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the

leave; and (3) is employed at a work site where 50 or more employees are employed by the employer within 75 miles of that work site.

40.     Alternatively, Plaintiff can take advantage of Defendant's more liberal FMLA policy and still be a covered employee for FMLA purposes, particularly where it provided her specific representations and forms indicating that she was protected for the FMLA-designated leave/leave she took.

41.     Plaintiff is an eligible employee under the FMLA who took FMLA leave.

42.     Defendant unlawfully terminated, retaliated, and otherwise discriminated against Plaintiff because of conduct protected by the FMLA.  See, *inter alia*, 29 U.S.C. §2615(a).

43.     The Defendant did not act in good faith or otherwise acted intentionally, willfully, or wantonly.

44.     Plaintiff has sustained damages as a result of Defendant's conduct.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless the employer's violation was in good faith and the employer had reasonable grounds for believing the employer did not violate the Act; (3) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures and other non-pecuniary losses under relevant law; (4) equitable relief such as employment, reinstatement or promotion; (5) a reasonable attorney's fee; (6) the employee's expert witness fee, if any; (7) reinstatement to her former position (with all back benefits she would have been entitled to); (8) other costs of the action; and (9) interest.

## COUNT III

### PLAINTIFF AMY MEDLEY
vs.
### DEFENDANT COUNTY OF MONTGOMERY

### EQUITABLE ESTOPPEL

45.    Plaintiff incorporates paragraphs 1 through 44 herein by reference.

46.    Defendant, by and through its officials, managers, agents, and employees, made certain written and oral representations to Plaintiff that she could take intermittent FMLA to care for her son Anthony.

47.    Plaintiff had a right to rely on the representations made to her.

48.    Plaintiff detrimentally relied on those representations and was terminated because of her reliance.

49.    Defendant should be equitably estopped because its acts or representations intentionally or through culpable negligence induced another, Plaintiff, to believe that certain facts existed and that person, Plaintiff, justifiably relied and acted upon such belief, so that Plaintiff would be prejudiced if the Defendant is permitted to deny the existence of such facts.

50.    Plaintiff has sustained damages, including wage losses (back and front pay), loss of benefits, compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures and other non-pecuniary losses under relevant law.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or

8

other compensation denied or lost by Employer's conduct; (2) compensatory damages including pain, suffering, humiliation, embarrassment, inconvenience, loss of life's pleasures and other non-pecuniary losses; (3) other costs of the action; and (4) interest.

Respectfully submitted,

Date:_____4/12/2012_____          BY:___s/Edward C. Sweeney_____
                                         Edward C. Sweeney, Esquire
                                         Attorney for Plaintiff
                                         WUSINICH, BROGAN & STANZIONE
                                         I.D. No. 64565
                                         537 West Uwchlan Avenue, Suite 200
                                         Downingtown, PA  19335
                                         (610) 594-1600
                                         Validation of signature code:  ECS1942