IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY MEDLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF MONTGOMERY | : | NO. 12-1995 |

**MEMORANDUM**

**Padova, J.**                                                                                                         **July 16, 2012**

Plaintiff Amy Medley, a former employee of Defendant County of Montgomery, brings claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and a federal common law claim for equitable estoppel, alleging that Defendant told her that she could take leave pursuant to the FMLA, but then fired her for taking the leave. Defendant has moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's Motion is granted in part and denied in part.

**I.   BACKGROUND**

The Complaint alleges the following facts. Defendant employed Plaintiff as a nursing assistant. Plaintiff's son has serious health conditions, including Asperger's Syndrome, developmental delay, and anxiety disorder, and Plaintiff requested intermittent leave because of her son's conditions. Although Plaintiff had worked less than 1,250 hours during the 12 months preceding the commencement of her leave, a prerequisite to FMLA coverage, she nevertheless was given to believe that she had coverage under the FMLA. Defendant's officials told Plaintiff that she qualified for and was covered by the FMLA and Plaintiff executed various County of Montgomery FMLA forms that confirmed her entitlement to FMLA leave, or would convince a reasonable person of FMLA eligibility. Plaintiff was also given various County of Montgomery forms that stated she

was eligible for "family care" leave after three months of continuous employment.

Defendant, however, began to write up Plaintiff for the intermittent leave absences she took to care for her son. On April 19, 2011, Plaintiff spoke to "H.R. official" Beverly Jackson about filing a grievance for being written up for her intermittent absences. (Compl. ¶ 14.) Jackson tried to dissuade Plaintiff from filing a grievance, telling Plaintiff that "nothing was going to be done to her." (Id. ¶ 15.) Plaintiff, however, stated that she wanted to file the grievance and Jackson indicated that they would meet the following week to fill out the paperwork.

The next day, Plaintiff was terminated. Plaintiff was told she was fired because of leave she exercised on April 17, 2011. Plaintiff had never been told that her leave was not covered by the FMLA. Plaintiff would not have taken such leave, and would have modified her conduct with respect to dealing with her son's condition, had she known that her leave was not covered by the FMLA.

The Complaint asserts three claims: 1) interference under the FMLA, 2) discrimination under the FMLA,[1] and 3) equitable estoppel. Defendant has moved to dismiss all three claims, arguing that, because Plaintiff admits she did not work enough hours to be an eligible employee under the FMLA, she cannot state claims upon which relief may be granted under the FMLA or equitable estoppel principles.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v.

---

[1] FMLA discrimination claims are also called retaliation claims.

Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III.   DISCUSSION

To obtain protection under the FMLA, an employee must, among other prerequisites, work at least 1,250 hours with her employer in the previous 12 months.  See 29 U.S.C. § 2611(2)(A). Defendant argues that Plaintiff's claims should be dismissed because it is undisputed that she cannot

satisfy this basic prerequisite for an FMLA claim. Plaintiff argues that because Defendant told her that she was eligible for FMLA leave, the doctrine of equitable estoppel should now preclude Defendant from asserting that Plaintiff's FMLA claims fail because she was not eligible.

    A.    <u>FMLA Discrimination</u>

Plaintiff asserts a discrimination claim under the FMLA because Defendant fired her for taking leave. To assert a discrimination claim under the FMLA, an employee must be eligible for FMLA leave, take such leave, and suffer an adverse employment action as a result of taking that leave. <u>Conoshenti v. Pub. Serv. Elec. & Gas Co.</u>, 364 F.3d 135, 146 (3d Cir. 2004) (citing 29 C.F.R. § 825.220(c)). Although Plaintiff acknowledges that she cannot satisfy the basic element of FMLA eligibility, she argues that equitable estoppel prevents Defendant from defending against her claims on this basis.

"The doctrine of equitable estoppel is used to prevent 'one party from taking unfair advantage of another when, through false language or conduct, the person to be estopped has induced another person to act in a certain way, with the result that the other person has been injured in some way.'" <u>Wilson v. Rawle & Henderson LLP</u>, Civ. A. No. 11-4636, 2011 WL 5237345, at *3 (E.D. Pa. Nov. 2, 2011) (quoting <u>Prigge v. Sears Holding Corp.</u>, Civ. A. No. 09-175, 2010 WL 2731589, at *5 n.9 (E.D. Pa. July 9, 2010)). "A party claiming equitable estoppel must establish that a misrepresentation of fact was made, upon which the party detrimentally relied." <u>Sinacole v. iGate Capital</u>, 287 F. App'x 993, 995 (3d Cir. 2008) (citing <u>In re RFE Indus., Inc.</u>, 283 F.3d 159, 164 (3d Cir. 2002)).

In the context of the FMLA, "equitable estoppel may, in an appropriate factual scenario, provide a means of redress for employees who detrimentally rely on their employers' misrepresentations about FMLA eligibility." <u>Wilson</u>, 2011 WL 5237345, at *5. "[A]n employer

who without intent to deceive makes a definite but erroneous representation to his employee that she is an 'eligible employee' and entitled to leave under the FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage" if the employee reasonably relied on the misrepresentation to her detriment. Minard v. ITC Deltacom Commc'ns, Inc., 447 F.3d 352, 358 (5th Cir. 2006); see also Dombrowski v. Jay Dee Contractors, Inc., 571 F.3d 551, 554 (6th Cir. 2009) ("[I]n certain circumstances equitable estoppel applies to employer statements regarding an employee's FMLA eligibility, preventing the employer from raising non-eligibility as a defense."); see also Sinacole, 287 F. App'x at 995-96, n.5 (refusing to apply equitable estoppel to an FMLA interference claim based on the facts, and noting that the court was expressing no opinion as to whether the doctrine applies to discrimination claims). We therefore conclude that a defendant can be estopped from asserting a non-coverage defense, i.e., from arguing that the plaintiff was not FMLA eligible, if the defendant misinformed the plaintiff about her eligibility and the plaintiff suffered a detriment after relying on the misrepresentation.

  In this case, Plaintiff has alleged that Defendant's officials told her, incorrectly, that she was qualified for, and covered by, the FMLA and had her execute various forms to "confirm[] her entitlement to FMLA" or that "would convince a reasonable person of FMLA eligibility." (Compl. ¶¶ 10-11.) Plaintiff alleges that she relied on these misrepresentations and took leave she thought was FMLA leave, and that she would not have taken leave and found other ways to care for her son had she known that her leave would not be protected. She further alleges that she suffered a detriment as a result of relying on Defendant's misrepresentations because she was fired for taking the leave. Accordingly, we conclude that Plaintiff has alleged facts that, under the doctrine of equitable estoppel, preclude Defendant from asserting that Plaintiff's discrimination claim fails

because she was not qualified. Defendant's Motion to Dismiss is, therefore, denied as to Plaintiff's discrimination claim.

      B.      FMLA Interference

Plaintiff also argues that Defendant's actions give rise to an FMLA interference claim. "To assert an interference claim, 'the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them.'" Sommer v. The Vanguard Group, 461 F.3d 397, 399 (3d Cir. 2006) (quoting Callison v. City of Phila., 430 F.3d 117, 119 (3d Cir. 2005)). An interference claim "includes 'not only refusing to authorize FMLA leave, but discouraging an employee from using such leave.'" Id. (quoting 29 C.F.R. § 825.220(b)). Once again, Defendant argues that Plaintiff cannot state an interference claim because she was not eligible for FMLA benefits, and Plaintiff responds that this argument should be rejected because Defendant told her that she was eligible.

Plaintiff's interference claim fails for the simple reason that she had no FMLA benefits with which Defendant could interfere. The doctrine of equitable estoppel, while possibly precluding Defendant from arguing that Plaintiff was not FMLA eligible, does not retroactively endow Plaintiff with FMLA rights. In any event, Plaintiff has not alleged that Defendant interfered with any attempt to take leave or with any of the leave she actually took. Rather, she alleges that Defendant retaliated against her for taking that leave. Finally, Plaintiff has not alleged that Defendant's misrepresentations interfered with her ability to take any future FMLA leave that she may have later become entitled to. See Sinacole, 287 F. App'x at 996 (implying that equitable estoppel could allow a non-FMLA eligible plaintiff to proceed with an interference claim if the misrepresentation led the plaintiff to take leave before she was actually FMLA eligible if the plaintiff could have delayed the leave until she was eligible). Accordingly, Plaintiff's FMLA interference claim is dismissed.

C. <u>Equitable Estoppel as a Cause of Action</u>

Plaintiff also argues that the doctrine of equitable estoppel provides her with a federal common law cause of action under these circumstances. We disagree. "[E]quitable estoppel is not a cause of action, but a judicial doctrine that bars the assertion of a claim or defense." <u>Dombrowski</u>, 571 F.3d at 554 n.1 (applying equitable estoppel in an FMLA case); <u>see also</u> <u>Black's Law Dictionary</u> (9th ed. 2009) (defining equitable estoppel as a "defensive doctrine"). Moreover, providing Plaintiff with a separate cause of action under the federal common law under these circumstances is unnecessary, as it would essentially duplicate Plaintiff's FMLA claims. Thus, we dismiss Plaintiff's equitable estoppel claim.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part. Defendant's Motion is granted insofar as it seeks dismissal of Plaintiff's FMLA interference claim and equitable estoppel claim, and those claims are dismissed.[2] Defendant's Motion is denied insofar as it seeks dismissal of Plaintiff's FMLA discrimination claim. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

[2] As Plaintiff's interference claim is truly a discrimination claim, and as there is no cause of action for equitable estoppel under the federal common law, we will decline Plaintiff's request for leave to amend because amendment of those claims would be futile. <u>See</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted).